UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Kevin Taylor, et al.,<br><br>                 *Defendants*. | **Protective Order**<br><br>**20 Cr. 227 (LTS)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that, among other things, identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Sensitive disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendants outside the presence of counsel or personnel employed by or retained by counsel; shall not be copied or otherwise recorded by the defendants; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

5. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under

seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

7. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various social media accounts, cellphones, and other devices and storage media. This ESI was seized from various cellphones and/or social media accounts belonging to the defendants.

8. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Return or Destruction of Material

10. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any

3

order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

### Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/ Alexandra Rothman_____    Date:   April 21, 2020
  Mollie Bracewell / Dominic Gentile /
  Alexandra Rothman
  Assistant United States Attorneys


_____       _____
Jonathan Sussman, Esq.                George Goltzer, Esq.
Mark DeMarco, Esq.                    Matthew Kluger, Esq.
Attorneys for Kevin Taylor            Attorneys for Michael Mazur

  _/s/ Avraham Moskowitz (by ANR)_____
  Avraham C. Moskowitz, Esq.
  Harvey Fishbein, Esq.
  Attorneys for Gary Robles

SO ORDERED:
Dated:  New York, New York
        April __, 2020

                                      _____
                                      THE HONORABLE LAURA TAYLOR SWAIN
                                      UNITED STATES DISTRICT JUDGE

order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    GEOFFREY S. BERMAN
    United States Attorney

by: _____    Date:   April 21, 2020
    Mollie Bracewell / Dominic Gentile /
    Alexandra Rothman
    Assistant United States Attorneys

_____    /s/ Matthew J. Kluger_____
Jonathan Sussman, Esq.    George Goltzer, Esq.
Mark DeMarco, Esq.    Matthew Kluger, Esq.
Attorneys for Kevin Taylor    Attorneys for Michael Mazur

_____
Avraham C. Moskowitz, Esq.
Harvey Fishbein, Esq.
Attorneys for Gary Robles

SO ORDERED:
Dated:  New York, New York
        April \_\_, 2020

                              _____
                              THE HONORABLE LAURA TAYLOR SWAIN
                              UNITED STATES DISTRICT JUDGE

order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    GEOFFREY S. BERMAN
    United States Attorney

by: _____  Date:   April 21, 2020
    Mollie Bracewell / Dominic Gentile /
    Alexandra Rothman
    Assistant United States Attorneys

*Mark S. DeMarco*
_____      _____
Jonathan Sussman, Esq.     George Goltzer, Esq.
Mark DeMarco, Esq.     Matthew Kluger, Esq.
Attorneys for Kevin Taylor     Attorneys for Michael Mazur

_____
Avraham C. Moskowitz, Esq.
Harvey Fishbein, Esq.
Attorneys for Gary Robles

SO ORDERED:
Dated: New York, New York
      April 24, 2020

                                        /s/ Laura Taylor Swain
                                    _____
                                    THE HONORABLE LAURA TAYLOR SWAIN
                                    UNITED STATES DISTRICT JUDGE